CRONIN v. OCHADLEUS.

1. LANDLORD AND TENANT—FARMING—OFFICE OF PRICE ADMINISTRATION—RENT REGULATIONS.

Office of price administration rent regulations do not apply to housing accommodations situated on a farm and occupied by a tenant engaged for a substantial portion of his time in farming operations thereon (8 F. R. 7322, 7323, Rent Regulation for Housing, § 1 [b] [1]).

2. SAME—FARMING—COMPLIANCE WITH LEASE—RENT REGULATIONS.

Tenant who sought use of 29-acre tract of land for farming purposes and such use was stipulated in his lease may not change the purpose of such occupancy by going to work in a factory and thereby escape application of exception in rent regulations of office of price administration where lease, if complied with, would not be subject to such regulations (8 F. R. 7322, 7323, Rent Regulation for Housing, § 1 [b] [1]).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 6, 1944. (Docket No. 37, Calendar No. 42,681.) Decided May 17, 1944.

Summary proceedings in justice's court for the township of Dearborn by Ellen M. Cronin against Alfred Ochadleus for possession of land. Judgment of restitution entered. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*John J. Nellis,* for plaintiff.

*Samuel S. Willis,* for defendant.

WIEST, J. This is a summary proceeding by a landlord to evict a tenant. Plaintiff owns 29 acres of farm land in the township of Dearborn, Wayne county, Michigan, and by written lease, dated February 26, 1940, rented the same to defendant "for the term of 12 months from and after the 15th day of March, 1940, on the terms and conditions * * * to be occupied for farming purposes only." Defendant had five cows and some chickens and evidently had the urge to be a farmer. He entered upon the premises and in a way tried to farm but soon discovered that farming did not pay and hired out as a factory worker. He only worked on the farm Sundays. The agreed rental was $300 a year. In January, 1943, plaintiff served on defendant a notice that the rent for the next year would be $400 and, if he did not intend to remain under such terms, the notice would serve as one to quit the premises. Defendant did not quit the premises, claiming that under 8 F. R. 7322, 7323, Rent Regulation for Hous-

ing, § 2 (a),* (CCH, War Law Service, Rent Regulation, par. 49,125) and 8 F. R. 7322, 7326, Rent Regulation for Housing, § 6 (a)† (CCH, War Law Service, par. 49,129), the rental demanded was unlawful.

In March, 1943, plaintiff commenced proceedings before a justice of the peace to obtain restitution of the premises and on April 7, 1943, judgment of restitution was entered. Defendant appealed to the circuit court and there like judgment was entered and an appeal taken by defendant.

Defendant claims that when he commenced work in the factory and abandoned farming operations his occupancy came under the rent control provisions of the Office of Price Administration and this prevented his eviction.

The OPA rent regulations do not apply to "Farming tenants. Housing accommodations situated on a farm and occupied by a tenant who is engaged for a substantial portion of his time in farming operations thereon." 8 F. R. 7322, 7323, Rent Regulation for Housing, § 1 (b) (1) (CCH, War Law

---

* This regulation reads as follows:
"Sec. 2 (a) General prohibition. Regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, no person shall demand or receive any rent for use or occupancy on and after the effective date of regulation of any housing accommodations within the Defense-Rental Area higher than the maximum rents provided by this regulation; and no person shall offer, solicit, attempt, or agree to do any of the foregoing. Lower rents than those provided by this regulation may be demanded or received."—Reporter.

† This regulation reads as follows:
"Sec. 6 (a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto."—Reporter.

Service, par. 49,124), under scope of Standard Rent Regulation.

Defendant wanted the premises for farming purposes and it was so stipulated in his lease. His changed purpose, after entry and occupancy of the premises, to work in a factory and not to farm the premises did not at all change his status as a renter. He could not, by a change of intention, constitute his occupancy other than that for farming purposes. The exception from the rent control act applies with full force in this case.

He claimed the fact he was not engaged for a substantial portion of his time in farming operations on the premises changed his status to that of a mere renter of housing facilities. A tenant cannot bring himself within the statute of rent regulations solely on the ground of his own violation of the lease which, if complied with, would not be subject to such regulations.

The judgment of the circuit court is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.